UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH PIARD,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>LISA KAVANAUGH, et al.,  )<br>  )<br>    Defendants.  )<br>  ) | CIVIL ACTION<br>NO. 25-40017-MRG |

**ORDER**
**August 6, 2025**

**GUZMAN, D.J.**

On January 27, 2025, plaintiff Joseph Piard, who is confined at the North Central Correctional Institution in Gardner, Massachusetts ("NCCI-Gardner"), filed a complaint against the director and staff counsel for the Committee for Public Counsel Services ("CPCS") Private Counsel Criminal Appeals Unit and the director, staff counsel, legal investigator and administrative assistant for the CPCS Innocence Program under 42 U.S.C. § 1983 ("§ 1983"). ECF 1. Piard also filed a motion for leave to proceed *in forma pauperis* and a copy of his prison account statement. ECF 5, 6.

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $55.00 administrative fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Under the Prison Litigation Reform Act ("PLRA"), a prisoner generally cannot proceed *in forma pauperis* if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted. *See* 28

U.S.C. § 1915(g).[1]  Piard has had several cases dismissed for failure to state a claim upon which relief may be granted.  *See Piard v Hakala, et al.*, No. 23-40180-MRG (D. Mass. Feb. 21, 2024); *Piard v Arsenault*, No. 23-40165-MRG (D. Mass.  Apr. 25, 2024); *Piard v Murphy*, No. 24-40130-MRG (D. Mass. Dec. 9, 2024); *Piard v Murphy*, No. 24-40103-MRG (D. Mass.  Dec 19, 2024).

Because Piard has had three or more actions dismissed for failure to state a claim, he is subject to the "three-strikes" provision of Section 1915(g).  Thus, Piard can only proceed in this action without prepayment of the filing fee if he shows that the alleged misconduct as set forth in his complaint places him "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Here, nothing in the complaint suggests that he is in imminent danger of serious physical injury.

Accordingly, this action is DISMISSED without prejudice to plaintiff seeking to reopen this action within 35 days of the date of this Order by filing a motion to reopen accompanied by payment of the $405.00 filing fee.  If Piard timely moves to reopen and pays the filing fee, the complaint will be subject to an initial screening pursuant to 28 U.S.C. § 1915A.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2025

---

[1] A prisoner is not permitted to proceed *in forma pauperis*:
  if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).